UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

A.D., and A.O.S., individually, and on behalf of all others similarly situated,

        Plaintiffs,

  v.

CHURCH & DWIGHT CO., INC., d/b/a FIRST RESPONSE,

        Defendant.

No. 2:24-cv-02701 WBS SCR

ORDER RE: PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

----oo0oo----

        Plaintiffs A.D. and A.O.S. have moved to proceed under pseudonyms. (Docket No. 6.) Plaintiffs request to use their initials in all public filings in this case because the filings will contain sensitive "medical information regarding pregnancy testing and family planning." (Id. at 3.) Specifically, they do not want to disclose to the public their "use of pregnancy tests, fertility tests, and other reproductive health products," which could cause them "embarrassment and emotional injury due to the

1

intimate nature" of the information at issue.  (Id.)  Plaintiffs note that their names have already been disclosed to defendant Church & Wright Co., Inc., so they only wish to remain anonymous to the general public.  (Id. at 3-4.)  Defendant does not oppose the instant motion and does not appear prejudiced if plaintiffs use only their initials in public filings.

On the one hand, plaintiffs request runs contrary to Federal Rule of Civil Procedure 17(a)(1), which provides that "[a]n action must be prosecuted in the name of the real party in interest."  See also Fed. R. Civ. P. 10(a) ("[T]he complaint must name all the parties.").  The Federal Rules of Civil Procedure reflect "[t]he normal presumption in litigation [which] is that parties must use their real names."  Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010).

On the other hand, a party may proceed under pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including when necessary to "'protect a person from harassment, injury, ridicule[,] or personal embarrassment.'"  Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

The Ninth Circuit has noted that courts have allowed plaintiffs to use pseudonyms "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'"  Id. at 1068 (quoting James v. Jacobson, 6 F.3d 233,

2

1   238 (4th Cir. 1993)).  And in determining whether to allow a
2   party to proceed anonymously, the court looks to whether "the
3   party's need for anonymity outweighs prejudice to the opposing
4   party and the public's interest in knowing the party's identity."
5   Id.
6           In other similar cases, courts appear to have routinely
7   found that plaintiffs' need for privacy outweigh the public's
8   general right of access to court filings.  See Doe v. Deschamps,
9   64 F.R.D. 652, 653 (D. Mont. 1974) ("The intensely personal
10  nature of pregnancy does, we believe, create an unusual case, and
11  in such a case the general policy of full disclosure may well
12  give way to a policy of protecting privacy in a very private
13  matter.").  "Federal courts specifically favor anonymity when
14  cases involve pregnancy and childbirth, due to its extremely
15  personal nature."  S.A.A. v. Geisler, No. 21-cv-02071, 2022 WL
16  179198, at *1-2 (D. Minn. Jan. 20, 2022), and courts tend to be
17  sympathetic to plaintiffs' claims that they will suffer
18  embarrassment and mental distress if they are required to
19  disclose their names and their reproductive health to the public.
20  See Doe #1 v. Syracuse Univ., No. 5:18-CV-0496, 2018 WL 7079489,
21  at *4 (N.D.N.Y. Sept. 10, 2018) ("[P]regnancy [claims] are
22  examples of matters that qualify as being highly sensitive and of
23  a personal nature.").[1]

---

[1]  See also Michael v. Bloomberg L.P., No. 14-cv-2657, 2015 WL 585592, at *3-4 (S.D.N.Y. Feb. 11, 2015) ("[M]atters of a highly sensitive or personal nature [include] claims involving sexual orientation, pregnancy, or minor children[,] in which courts have justified anonymous plaintiffs proceeding pseudonymously.").

3

1 | IT IS THEREFORE ORDERED that plaintiff's Motion to
2 | Proceed Pseudonymously (Docket No. 6) be, and the same hereby is,
3 | GRANTED.
4 | Dated: January 10, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE